IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2807-K-BN |
| | § | |
| DEVON L. WILLIAMS d/b/a DEV SAS | § | |
| and ROBERT HAUSCHILDT, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wells Fargo Bank, N.A. filed this interpleader action under 28 U.S.C.

§ 1335 against Defendants Devon L. Williams d/b/a Dev Sas ("Williams") and Robert

Hauschildt, "to interplead funds that were wired from Hauschildt, to a Wells Fargo

Initiate Business Checking Account belonging to Williams on September 14, 2023."

Dkt. No. 6 (amend. compl.) at 1 ("The funds that Wells Fargo seeks to interplead are

currently being restrained in Williams' Initiate Business Checking Account at Wells

Fargo. Because there are multiple claimants to the funds at issue, Wells Fargo, as a

disinterested stakeholder, seeks to interplead the restrained funds into the Court

Registry to allow the Claimant Defendants to make their respective claims to the

funds.").

The Court granted Wells Fargo's motion for substituted service as to Williams.

*See* Dkt. Nos. 13 & 14; FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 106. Hauschildt answered

the amended complaint. *See* Dkt. No. 15. Wells Fargo filed an executed summons

return as to Williams. *See* Dkt. No. 16. Wells Fargo next requested that the Clerk of

Court enter default as to Williams, *see* Dkt. No. 19, which the Clerk did, *see* Dkt. No. 20. Wells Fargo then moved for default judgment as to Williams. *See* Dkt. No. 21. And the Court referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 22.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should grant the motion for default judgment.

## Legal Standards

When a defendant has "failed to plead or otherwise defend" an action, the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military. Fed R. Civ. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

Even though the United States Court of Appeals for the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial

- 2 -

court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

In consideration of these competing preferences, the Court takes a two-part approach in determining whether to grant entry of default judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (requiring a "sufficient basis in the pleadings for the judgment entered"); *see also Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (stating "relevant factors" in determining whether default judgment is appropriate).

First, the Court considers the following six non-exhaustive factors to decide whether default judgment is appropriate: (1) "whether the default was caused by a good faith mistake or excusable neglect"; (2) "whether there has been substantial prejudice"; (3) "the harshness of a default judgment"; (4) whether there are "material issues of fact"; (5) "whether the grounds for a default judgment are clearly established"; and (6) whether the Court would be "obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893. Default judgment can also appropriate where a defendant fails to follow court orders. *See McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (upholding a default judgment due to a defendant's "delay and failure to comply with court rules").

Next, the Court must assess the merits of the plaintiff's claims and find a "sufficient basis in the pleadings for the judgment entered.*" Nishimatsu*, 515 F.2d at 1206; *see also Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) ("[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed

- 3 -

to state a claim on which relief can be granted." (citing *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (per curiam))).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must "contain a short and plain statement of the claim showing the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). This requirement "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). By defaulting, the defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" and is not deemed to "admit allegations that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206. The factual allegations, assumed to be true, need only "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Detailed allegations are not required, but "the pleading must present more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A default judgment … establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "[I]n the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing … [except] where the amount claimed is a liquidated sum or one capable of mathematical calculation." *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. Thus, affidavits submitted to support a claim for mathematically calculable damages

"must be sufficiently detailed to establish necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Two other caveats also apply. "[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.' In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (citations omitted). And, before it may enter default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

## Analysis

## I.    The Court has jurisdiction over the subject matter and the parties.

Deciding the motion for default judgment "begins, as it must, by examining the Court's jurisdiction." *Wattiker v. Elsenbary Enters., Inc.*, No. 3:22-cv-940-B-BN, 2023 WL 5167023, at *3 (N.D. Tex. May 19, 2023) (cleaned up; quoting *Hammerschmidt v. Garland*, 54 F.4th 282, 287 (5th Cir. 2022)), *rec. accepted*, 2023 WL 5167019 (N.D. Tex. June 13, 2023); *accord Louisiana v. U.S. Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always first." (citation omitted)).

For the Court to have jurisdiction under Section 1335, Wells Fargo must show minimal diversity among the claimants. *See, e.g.*, *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous.*, 782 F.3d 186, 193 (5th Cir. 2015) ("Section 1335 has been uniformly

construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." (cleaned up; quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967))).

And, where Wells Fargo alleges facts from which the Court may reasonably infer that Williams is a Texas citizen, while Hauschildt is a citizen of Connecticut, *see* Dkt. No. 6, ¶¶ 5 & 6, Wells Fargo has made this showing, *see Auto Parts Mfg. Miss.*, 782 F.3d at 193 ("APMM named as claimants King (a Mississippi citizen), Noatex (a California citizen), and later Kohn (a California citizen), satisfying § 1335's minimum diversity requirement." (footnote omitted)).

## II.    The procedural requirements for default judgment have been met.

Wells Fargo filed a return reflecting that Williams was served in a manner authorized by the Court. *See* Dkt. No. 16.

The Clerk has entered a default as to Williams. *See* Dkt. No. 20.

And Wells Fargo submitted evidence that Williams is not in the military service. *See* Dkt. Nos. 21-2 & 21-2.

## III.    The allegations support default judgment as to the claims asserted.

"When only one of the claimants named in an interpleader action has answered, the court need not consider the merits of which party is entitled to the funds. Accordingly, if default judgment against [Williams] is warranted, then disbursement of the interpleaded funds to [Hauschildt] is proper." *Benjamin Moore & Co. v. Mendez*, No. 3:18-cv-2288-B, 2019 WL 3413420, at *1 (N.D. Tex. July 29, 2019) (cleaned up); *accord Symetra Life Ins. Co. v. Broderick*, No. A-21-CV-00721-RP,

2022 WL 2763155, at *2 (W.D. Tex. May 2, 2022), *rec. adopted*, 2022 WL 3449501 (W.D. Tex. July 27, 2022).

## IV.    Consideration of other factors supports default judgment.

Default judgment is a harsh remedy, but, as set out above, the record supports default judgment. Plus, "the harshness of default judgment is mitigated by the fact that [Williams] has forfeited any claim of entitlement he may have had to the interpleaded funds." *Mendez*, 2019 WL 3413420, at *2 (cleaned up).

There has not been substantial prejudice against Williams.

And there are clearly established grounds for default, as set out above.

There is no indication that the default was caused by good faith mistake or excusable neglect.

And, so, the Court would not necessarily feel obligated to set aside a default (should a motion to do so be filed). *See Lindsey*, 161 F.3d at 893; *see also Mendez*, 2019 WL 3413420, at *2 ("Applying the *Lindsey* factors to this case, the Court finds no reason that a default judgment should be avoided. First, Menendez has not appeared, let alone filed any responsive pleadings. Consequently there are no material facts in dispute…. Third, the grounds for default have been clearly established by Menendez's failure to respond to the Original Petition for Interpleader and the Entry of Default by the Clerk. Fourth, there is no evidence before the Court to indicate that Menendez's complete nonresponsiveness is the result of a good faith mistake or excusable neglect. Fifth, the harshness of default judgment is mitigated by the fact that Menendez has forfeited any claim of entitlement he may have had to the interpleaded funds. And sixth, the Court is not aware of any facts that would give

reason to set aside the default if challenged by Menendez. Therefore, the Court concludes that default judgment is proper." (cleaned up)).

## Recommendation

The Court should grant the motion for default judgment [Dkt. No. 21] and enter default judgment against Defendant Devon L. Williams d/b/a Dev Sas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE